IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. SEDLACKO,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-899 |
| | ) |
| **JO ANNE B. BARNHART,** | ) Electronically Filed |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

**December 30, 2005**

    I.    Introduction

Plaintiff Donald J. Sedlacko brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act"), seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under title II of the Act. Consistent with the customary practice in the Western District of Pennsylvania, the parties have submitted cross motions for summary judgment and the record developed at the administrative proceedings.

After careful consideration of the Administrative Law Judge's ("ALJ's") Decision, the memoranda of the parties, and the entire record, the Court finds that there is substantial evidence to support the ALJ's decision that plaintiff retains the Residual Functional Capacity to perform a substantial range of sedentary to light work, with some restrictions, and that jobs within his abilities exist in significant numbers in the national and regional economy. The Court therefore will grant the Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and enter judgment in favor of the Commissioner.

## II.     Procedural History and Statement of the Case

Plaintiff filed an application for DIB on June 18, 2003, claiming disability since April 4, 2003, as a result of neck and back arthritis, coronary artery disease, lumbar disc disease and stress. His claim was denied initially at the state administrative level, and plaintiff requested a hearing. On December 8, 2004, a hearing was held before Administrative Law Judge (ALJ) Melvin Benitz, at which plaintiff testified, as did a vocational expert (VE). Plaintiff was represented by counsel.

On January 26, 2005, the ALJ found that plaintiff had certain severe impairments which were not so severe as to meet or medically equal any of the listed impairments under 20 C.F.R. Appendix 1, Subpt. P, Regulation No. 4. Further, the ALJ found that plaintiff was physically capable of returning to his previous employment, subject to certain non-exertional restrictions, and that he retained the RFC to perform a restricted range of sedentary to light work. Accordingly, the ALJ found plaintiff was not under a disability, as defined in the Social Security Act, at any time through the date of the decision.

The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the deemed final decision of the Commissioner. Plaintiff timely commenced this action, which is now before this Court on the cross motions for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure.

At the time of the ALJ's decision, plaintiff was a 57-year-old male with a high school education and work experience including as an income case worker, most recently with the Commonwealth of Pennsylvania Department of Public Welfare. The bulk of the administrative record regarding plaintiff's medical history concerns his serious coronary and musculoskeletal

impairments, including various shoulder and back surgeries and other remedial treatments, surgery for acute myocardial infarction resolving with successful placement of a stent in 2002, as well as surgery to remove a carcinoid tumor.  The high stress associated with plaintiff's former employment as a case worker in the Department of Public Welfare was a contributing factor in his infarction, which resolved with surgery.  In fact, plaintiff was determined to be disabled from that job for purposes of receiving a disability benefit from his employer, based upon his treating physician's opinion that the stress level there was too high and that he might suffer another infarction if he continued to work there.  His cardiac surgeon further opined that plaintiff was "very sensitive to mild levels of emotional stress." R. 256 (Dr. Jaun Chahin, M.D.).

Based on his assessment of plaintiff's medical condition, plaintiff's testimony, and the testimony of the VE in response to hypothetical questions, the ALJ concluded that plaintiff retained the RFC "for sedentary to light exertional work, with a sit or stand work, requiring occasional reaching above the head using the upper right extremity and low to moderate stress." R.18.  Despite plaintiff's impressive record of medical impairments and treatment, the issues raised in this case focus on his alleged inability to cope with stress on the job.   Plaintiff argues that he is unable to perform work of even moderate stress, which the eligibility interviewing jobs identified by the VE involved, and that the ALJ erred therefore in concluding that he could perform work at a low to moderate stress level.

### III.     Standards of Review

Judicial review of  the Commissioner's final decisions on disability claims is provided by

42 U.S.C. §§ 405(g)[1] and 1383(c)(3)[2]. Section 405(g) permits a district court to review transcripts and records upon which a determination of the Commissioner is based. Because the standards for eligibility under Title II (42 U.S.C. §§ 401-433, regarding Disability Insurance Benefits, or "DIB"), and judicial review thereof, are virtually identical to the standards under Title XVI (42 U.S.C. §§ 1381-1383f, regarding Supplemental Security Income, or "SSI"), disability decisions rendered under Title II are pertinent and applicable to those rendered under Title XVI. *Sullivan v. Zebley*, 493 U.S. 521, 525 n. 3 (1990).

If supported by substantial evidence, the Commissioner's factual findings must be accepted as conclusive. *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.1995); *Wallace v. Secretary of HHS,* 722 F.2d 1150, 1152 (3d Cir. 1983). The district court's function is to determine whether the record, *as a whole*, contains substantial evidence to support the Commissioner's findings. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained that "substantial

---

[1] Section 405(g) provides in pertinent part:
> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . .

42 U.S.C. § 405(g).

[2] Section 1383(c)(3) provides in pertinent part:
> The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

42 U.S.C. § 1383(c)(3).

evidence" means "more than a mere scintilla" of evidence, but rather, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401 (citation omitted). *See Ventura*, 55 F.3d at 901 *quoting Richardson*; *Stunkard v. Secretary of the Dep't of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). The United States Court of Appeals for the Third Circuit has referred to this standard as "less than a preponderance of the evidence but more than a mere scintilla." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002), *quoting Jesurum v. Secretary of the Dep't of Health and Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Mason v. Shalala,* 994 F.2d 1058, 1064 (3d Cir. 1993), *quoting Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). The substantial evidence standard allows a court to review a decision of an ALJ, yet avoid interference with the administrative responsibilities of the Commissioner. *Stewart v. Secretary of HEW*, 714 F.2d 287, 290 (3d Cir. 1983).

In making this determination, the district court considers and reviews only those findings upon which the ALJ based his or her decision, and cannot rectify errors, omissions or gaps in the ALJ's decision by supplying additional findings from its own independent analysis of portions of the record which were not mentioned or discussed by the ALJ. *Fargnoli v. Massarini,* 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), that '[t]he grounds upon which an administrative order must be judged are those upon which the record

discloses that its action was based.' *Id.* at 87"; parallel and other citations omitted).

An ALJ must do more than simply state factual conclusions, but instead must make specific findings of fact to support his or her ultimate findings. *Stewart*, 714 F.2d at 290. In making his or her determination, the ALJ must consider and weigh all of the evidence, both medical and non-medical, that support a claimant's subjective testimony about symptoms and the ability to work and perform activities, and must specifically explain his or her reasons for rejecting such supporting evidence, especially when testimony of the claimant's treating physician is rejected. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119-20 (3d Cir. 2000). *See Wier on Behalf of Wier v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Moreover, an ALJ may not substitute his or her evaluation of medical records and documents for that of a treating physician: "an ALJ is not free to set his own expertise against that of a physician who presents competent evidence" by independently "reviewing and interpreting the laboratory reports" and other objective medical evidence. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

To demonstrate disability under Title II or Title XVI of the Act, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423 (d)(1); 42 U.S.C. § 1383c(a)(3)(A). When resolving the issue of whether a claimant is disabled and whether the claimant is entitled to either DIB or SSI benefits, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). *See Sullivan*, 493 U.S. at 525. The United States Court of Appeals for the Third Circuit summarized

this five step process in *Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999) as follows:

> In *step one*, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. . . . In *step two*, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe", she is ineligible for disability benefits.
>
> In *step three*, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. *Step four* requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. . . .
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final *step [five]*. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ *must analyze the cumulative effect of all the claimant's impairments* in determining whether she is capable of performing work and is not disabled. The ALJ will often seek the assistance of a vocational expert at this fifth step. . . .

*Plummer*, 186 F.3d at 428 (emphasis added; certain citations omitted).

Thus, a claimant may demonstrate that his or her impairment is of sufficient severity to qualify for benefits in one of two ways:

(1) by introducing medical evidence that the claimant is disabled *per se* because he or she meets the criteria for one or more of a number of serious Listed Impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1, or that the impairment is *equivalent* to a Listed

Impairment. *See Heckler v. Campbell*, 461 U.S. 458, 460 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777 (Steps 1-3); or,

(2) in the event that claimant suffers from a less severe impairment, she will be deemed disabled where she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461, *citing* 42 U.S.C. § 423 (d)(2)(A). In order to prove disability under this second method, plaintiff first must demonstrate the existence of a medically determinable disability that precludes her from returning to his or her former job (Steps 1-2, 4). *Stunkard,* 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that she is unable to resume her previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiff's mental or physical limitations, age, education and work experience, she is able to perform substantial gainful activity in jobs available in the national economy. *Campbell*, 461 U.S. at 461; *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which, individually, may not reach the level of severity necessary to qualify as a Listed Impairment, the ALJ/Commissioner nevertheless must consider all of the claimant's impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Burnett*, 220 F.3d at 122 ("the ALJ must consider the combined effect of multiple impairments, regardless of their severity"); *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the '[Commissioner] shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such

severity,'"), *citing* 42 U.S.C. § 423(d)(2)(B), and 20 C.F.R. § § 404.1523, 416.923.

Section 404.1523 of the regulations, 20 C.F.R. § 404.1523 (2002), Multiple impairments, provides:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

Thus, when a claimant presents more than one impairment, "the combined effect of the impairment must be considered before the [Commissioner] denies the payment of disability benefits." *Bittel,* 441 F.2d at 1195.  Even if a claimant's impairment does not meet the criteria specified in the listings, he must be found disabled if his condition is *equivalent* to a Listed Impairment. 20 C.F.R. § 404.1520(d) (2002). To that end, the ALJ may not just make conclusory statements that the impairments do not equal a Listed Impairment in combination or alone, but rather, is required to set forth the reasons for his or her decision, and *specifically* explain why he or she found a claimant's impairments did not, alone or in combination, equal in severity one of the Listed Impairments. *Fargnoli,*  247 F.3d at 40 n. 4, *citing Burnett*, 220 F.3d at 119-20.

If the ALJ or Commissioner believes the medical evidence is inconclusive or unclear as to whether claimant is unable to return to past employment or perform substantial gainful activities, it is incumbent upon the ALJ to "secure whatever evidence [he or she] believed was needed to make a sound determination." *Ferguson*, 765 F.2d at 36.

Pain alone, if sufficiently severe, may be a disabling impairment that prevents a claimant

from performing any substantial gainful work. *E.g., Carter v. Railroad Retirement Board,* 834 F.2d 62, 65 (3d Cir. 1987), *relying on Green v. Schweiker*, 749 F.2d 1066, 1068 (3d Cir. 1984); *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979). Similarly, an ALJ must give great weight to a claimant's subjective description of inability to perform even light or sedentary work when this testimony is supported by competent evidence. *Schaudeck v. Commissioner of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999), *relying on Dobrowolsky.* Where a medical impairment that could reasonably cause the alleged symptoms exists, the ALJ must evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work. This evaluation obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. *See* 20 C.F.R. § 404.1529(c) (2002). *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).

But, if an ALJ concludes the claimant's testimony is not credible, the specific basis for such a conclusion must be indicated in his or her decision. *See Cotter*, 642 F.2d at 705. The United States Court of Appeals for the Third Circuit has stated: "[I]n all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work." *Schaudeck*, 181 F.3d at 433, *quoting* Social Security Ruling ("SSR") 95-5p.

Subjective complaints of pain need not be "fully confirmed" by objective medical

10

evidence in order to be afforded significant weight. *Smith*, 637 F.2d at 972; *Bittel*, 441 F.2d at 1195. While "there must be objective medical evidence of some condition that could reasonably produce pain, *there need not be objective evidence of the pain itself*." *Green,* 749 F.2d at 1070-71 (emphasis added), *quoted in Mason,* 994 F.2d at 1067. Where a claimant's testimony as to pain is reasonably supported by medical evidence, neither the Commissioner nor the ALJ may discount claimant's pain *without contrary medical evidence. Ferguson*, 765 F.2d at 37; *Chrupcala v. Heckler*, 829 F.2d 1269, 1275-76 (3d Cir. 1987); *Akers v. Callahan,* 997 F.Supp. 648, 658 (W.D.Pa. 1998). "Once a claimant has submitted sufficient evidence to support his or her claim of disability, the Appeals Council may not base its decision upon mere disbelief of the claimant's evidence. Instead, the Secretary must present *evidence to refute the claim. See Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981) (where claimant's testimony is reasonably supported by medical evidence, the finder of fact may not discount the testimony without contrary medical evidence)." *Williams v. Sullivan,* 970 F.3d 1178, 1184-85 (3d Cir. 1992) (emphasis added), *cert. denied* 507 U.S. 924 (1993).

## V.     Discussion

In his brief in support of his motion for summary judgment, plaintiff first argues that the ALJ erred in finding he retained the RFC for sedentary to light work with low to moderate stress levels, because "all of the medical evidence points to the fact that Plaintiff is unable to: (1) cope with even moderate stress; and (2) use a computer mouse due to his right shoulder pain." Plaintiff's Brief at 11. No doctor has opined that plaintiff is <u>unable</u> to cope with even moderate job stress, although Dr. Chahin stated that he is "very sensitive to mild levels of emotional stress." Nor has any doctor opined that plaintiff cannot work any job wherein he would have to

use a computer, although he does experience some right shoulder pain with prolonged use of a computer.

Second and third, plaintiff argues that the testimony by the VE was flawed because the jobs he described as being within plaintiff's capabilities are moderate to high stress. The Court has reviewed the testimony carefully, and agrees with the ALJ that the intake interview positions the VE described are not as stressful as the chronically high stress job plaintiff previously performed. Although the ALJ stated that the jobs could be expected to be of moderate stress, and even high stress from time to time, plaintiff's testimony at the hearing makes it clear that it was a combination of factors at his Public Welfare job, including his employer's quotas, increased case levels, frequent software program changes, frequent follow up interviews and calls to clients, unscheduled client interruptions, etc., Brief for Plaintiff at 2-3, that prevented him from returning to his previous employment. His doctors recommended that he not return to that job, not that he avoid <u>any</u> job with low to moderate stress, or even jobs with occasional high stress.

Finally, plaintiff asserts that the ALJ improperly discounted his subjective complaints regarding his limitations. The Court has carefully reviewed the ALJ's determination, which appears to be addressed to plaintiff's physical limitations, the medical evidence and plaintiff's testimony, and agrees with the ALJ that his discounting of plaintiff's subjective allegations of impairments is supported by the record, including plaintiff's own description of his daily activities.

### V.     Conclusion

It is apparent that plaintiff has suffered some serious medical conditions and endured extensive corrective procedures, that he is not as capable as he once was, and that he has an

exemplary work history. The Court is sympathetic to plaintiff's condition, but under the standards of review set forth above, having carefully considered the ALJ's decision, the memoranda of the parties, and the entire record, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Court will deny plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the determination of the Commissioner.

       An appropriate order will follow.

                        s/Arthur J. Schwab
                        Arthur J. Schwab
                        United States District Judge

cc:

A. Tereasa Rerko, Esquire
Quatrini, Rafferty & Galloway
550 East Pittsburgh Street
Greensburg, PA 15601


Paul Kovac, AUSA
United States Attorney's Office
700 Grant Street
Suite 400
Pittsburgh, PA 15219